IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ERIC PEAGLER, # 07403-002                                    PETITIONER

VERSUS                                    CIVIL ACTION NO.5:07CV166-DCB-MTP

CONSTANCE REESE, Warden                                     RESPONDENTS

ORDER DENYING MOTION TO RECONSIDER

This matter is before the court on Petitioner's Motion [22] to Reconsider this court's Order [20] denying Petitioner's Motion [17] to Supplement his Petition for a Writ of Habeas Corpus [1]. Having considered the submissions of the parties, the court finds that the motion should be denied.

Generally, "motions to reconsider are analyzed under Rule 59(e) of the Federal Rules of Civil Procedure." *McDonald v. Entergy Operations, Inc.*, 2005 WL 1528611, at * 1 (S.D. Miss. May 31, 2005). This court has "considerable discretion" in deciding whether to grant a motion for reconsideration. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). However, granting a motion for reconsideration "is an extraordinary remedy and should be used sparingly." *In re Pequeno*, 240 Fed. Appx. 634, 636 (5th Cir. June 20, 2007) (*quoting Templet v. HydroChem, Inc.*, 367 F.3d 473, 477 (5th Cir. 2004)).

A motion to reconsider is not "intended to give an unhappy litigant one additional chance to sway the judge[,]" *McDonald*, 2005 WL 1528611, at * 1 (citations omitted), and its purpose "is not to re-debate the merits of a particular motion." *W.C. Bulley v. Fidelity Financial Servs. Of Miss., Inc.*, 2000 WL 1349184, at * 3 (S.D. Miss. Sept. 8, 2000). Indeed, "[i]f a party is allowed to address a court's reasons as to why a motion was or was not granted, it would render

1

the entire briefing process irrelevant and lead to endless motions to reconsider." *Id.* There are only three grounds for which this court may grant a motion for reconsideration: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." *W.C. Bulley*, 2000 WL 1349184, at * 2 (citations omitted). If one of these three grounds is not present, the court must deny the motion. *Id.* at * 3.

Petitioner has not established that any of these three grounds are present. Accordingly, the court finds that Petitioner's Motion to Reconsider should be denied. The court shall review Petitioner's claims as set forth in his detailed Petition [1] and Memorandum [2] in Support of Petition.

IT IS, THEREFORE, ORDERED that Petitioner's Motion to Supplement [17] is denied.

SO ORDERED this, the 26th day of August, 2009.

                                             s/Michael T. Parker
                                             United States Magistrate Judge