**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**ERIC PEAGLER, #07403-002**                                                     **PETITIONER**

**V.**                                                    **CIVIL ACTION NO. 5:07cv166-DCB-MTP**

**CONSTANCE REESE, Warden**                                                   **RESPONDENT**

REPORT AND RECOMMENDATION

BEFORE THE COURT is the *pro se* Petition of Eric Peagler for a Writ of Habeas Corpus [1] filed under 28 U.S.C. § 2241. Having considered the Petition, the Answer [10], the Reply [12], all matters made a part of the record in this case, as well as applicable law, the undersigned is of the opinion that the Petition should be denied and dismissed with prejudice.

Background

On November 12, 2002, having been taken into federal custody on a writ from State of Alabama custody, Petitioner Eric Peagler was sentenced by Judge Duross Fitzpatrick in United States District Court for the Middle District of Alabama to serve a term of 168 months on a conviction of Conspiracy to Distribute and Possess with the Intent to Distribute Cocaine, Cocaine Base and Marijuana. Judge Fitzpatrick imposed the federal sentence to run consecutively with Petitioner's state sentence(s),[1] stating: "The defendant shall stand committed for service of this

---

[1] On August 3, 2000, Petitioner was indicted in Alabama state court on charges of kidnaping, attempted murder, conspiracy to traffic in cocaine and trafficking in marijuana. He was released on bond in January 2001 and arrested in November 2001 and charged with a separate state offense of trafficking in marijuana. Petitioner was then transferred to temporary federal custody (on February 6, 2002) pursuant to a writ of *habeas corpus ad prosequendum* so he could be tried on the federal charges. Following his conviction and imposition of sentence on the federal charges on November 22, 2002, Petitioner was returned to state custody and a detainer was lodged with state officials. In March 2003, Petitioner was convicted on state charges and sentenced to a term of imprisonment (3 years to serve, 12 suspended) to run concurrent with his federal charges. In May 2003, Petitioner was convicted and sentenced on another state charge, with that sentence to run concurrent with his other state sentence. *See* Exhs. 3, 4 & 10 to Answer;

sentence upon his release to federal custody." *See* Exhs. 1 & 2 to Answer.

Thereafter, on June 3, 2003, Petitioner was incorrectly designated and transferred to a federal correctional institution before he had completed service of his state sentences. After federal officials learned of this mistake, Petitioner was transferred to state custody to serve his state sentences and a federal detainer was issued. On June 15, 2004, Petitioner finished serving his state sentence(s) and began serving his federal sentence.[2] Petitioner is currently incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi and is projected for release on August 25, 2016. *See* Exhs. 1, 2 & 3 to Answer.

In the instant Petition, filed on August 31, 2007, Petitioner alleges that he should "be given a *nunc pro tunc* designation allowing him to serve a portion of his federal sentence while he was previously in state custody," pursuant to 18 U.S.C. § 3621(b).[3] Thus, Petitioner seeks a court order compelling the Bureau of Prisons (BOP) to consider him for *nunc pro tunc* designation to the custody of the State of Alabama for service of his federal sentence, so that he will receive credit against his federal sentence starting from the day it was imposed (November 12, 2002). *See* Petition at 4-5; Memorandum [2] in support of Petition at 1.

Prior to filing the instant petition, while in state custody in Alabama (after he had been

---

Memorandum [2] in Support of Petition at 2-3.

[2] Petitioner was apparently credited by the State of Alabama for the entire period of time spent serving his state sentence through June 15, 2004 (including when he was erroneously in federal custody). *See* Exhs. 5 & 10 to Answer. A prisoner cannot receive credit against his federal sentence for time already credited against a state sentence. *See* 18 U.S.C. § 3585(b); *U.S. v. Wilson*, 503 U.S. 329, 337 (1992).

[3] "The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility...*whether maintained by the Federal Government or otherwise* and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable...." (emphasis added).

2

returned in June 2003), Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the Middle District of Alabama on the issue of, *inter alia*, whether, pursuant to 18 U.S.C. § 3585(a),[4] he is entitled to "credit against his federal sentence for time served in state prison after he was transferred back to state custody when officials realized their mistake" (from June 3, 2003 to the date of his release from state custody in July 2004). The court denied the petition on June 24, 2004, finding that Petitioner "has no basis for contending that he should receive credit on his federal sentence for time served on the state sentence which the state court ordered run concurrent with his federal sentence."[5] *See Peagler v. Price*, Civil Action No. 2:03cv1224-A (M.D. Ala. 2004) ("*Peagler I*"); Order and Report and Recommendation attached as Exh. 3 to Answer. However, the court noted that the record was unclear as to whether the BOP had credited Petitioner with the time served in federal custody during the period when he was erroneously designated and transferred to a federal correctional institution. Thus, the court declined to assume that BOP officials would not credit Petitioner with this time, and stated that if they did not, Petitioner would be free to pursue another habeas action after exhaustion of this issue. *See* Exh. 3 to Answer.

Petitioner, then in federal custody, filed a section 2241 petition in federal court in South Carolina,[6] wherein he contended that the BOP's failure to give effect to the state court's order that

---

[4] "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."

[5] The court explained: "Because of the division of powers between the federal government and the states, a defendant may not, by agreement with state authorities, compel the federal government to impose a sentence that is concurrent with an existing state sentence. *Hawley v. United States*, 898 F.2d 1513 (11th Cir. 1990). Consequently, the federal authorities are not compelled to give Peagler credit toward his federal sentence for any time served in state court because this court did not order that the federal sentence run concurrently with any other sentence." *See* Exh. 4 to Answer.

[6] At that time, Petitioner was incarcerated at the Federal Correctional Institution in Williamsburg, South Carolina. *See* Exh. 4 to Answer.

Petitioner's state and federal sentences be served concurrently had erroneously resulted in him serving a consecutive sentence. The court dismissed his petition, finding that even if it was not barred as successive under 28 U.S.C. § 2244(a), he still could not win on the merits, as the federal sentencing order "effectively ensured Petitioner would serve his federal sentence *consecutively* to his undischarged state sentence, even if the state court sentenced Petitioner with the expectation that his sentence would be served concurrently with a yet-to-be-served federal sentence." *See Peagler v. Yancey*, Civil Action Number 3:05-2921-CMC-JRM (D.S.C. Aug. 21, 2006) ("*Peagler II*") (Order and Report and Recommendation attached as Exh. 4 to Answer) (emphasis in original). However, with respect to Petitioner's claim that he should receive a *nunc pro tunc* designation that he be allowed to serve, and obtain credit on, his federal sentence in the state facility in which he was incarcerated prior to beginning his federal sentence, the court found that Petitioner had failed to exhaust his administrative remedies[7] and, therefore, dismissed that portion of his claim without prejudice. *See id.*

Following the decision in *Peagler II*, Petitioner requested, through the BOP's Administrative Remedy process, that he receive a *nunc pro tunc* designation to state custody. Petitioner's request was forwarded to the BOP's Designation and Sentence Computation Center for its review, and by letter dated November 26, 2007, Petitioner's request for a *nunc pro tunc* designation was denied, as the BOP concurred with a prior determination by the BOP's Southeast

---

[7] Claims for relief under section 2241 must generally be exhausted. *See Fuller v. Rich,* 11 F.3d 61, 62 (5th Cir. 1994); *Mayberry v. Pettiford,* 74 Fed. Appx. 299, 299 (5th Cir. July 9, 2003)); *Mihailovich v. Berkebile,* 2007 WL 942091, at *5 (N.D. Tex. Mar. 28, 2007). The BOP's Administrative Remedy Program ("ARP") is set forth at 28 C.F.R. § 542.10, *et seq.* The first step of the ARP process is the informal presentation of the issue to prison staff. If that does not resolve the issue, the inmate must submit a formal Request for Administrative Remedy. If the inmate is not satisfied with the warden's response to that request, he or she may submit an appeal to the appropriate BOP regional director, and may then appeal that decision to the General Counsel. That step "is the final administrative appeal" and its completion, therefore, constitutes exhaustion of administrative remedies.

4

Regional Office that based on the language in Judge Fitzpatrick's sentencing order, Petitioner's federal sentence was imposed to be consecutive to his state sentence(s).[8] *See* Exh. 7 to Motion to Dismiss; Exhs. B& C to Memorandum.

## Analysis

Respondent contends that the instant petition is barred as a successive petition pursuant to 28 U.S.C. § 2244(a), because Petitioner is attempting to again litigate the issue of the BOP's computation of his sentence and the effect of his state sentences on that computation, which he already litigated in *Peagler I* and *II*. However, as discussed *supra*, in *Peagler I* the court expressly stated that the record was unclear as to whether the BOP had credited Petitioner with the time served in federal custody during the period when he was erroneously designated and transferred to a federal correctional institution, and that if it did not, Petitioner would be free to pursue another habeas action after exhaustion of this issue. *See* Exh. 3 to Answer. In *Peagler II*, the court found that Petitioner had failed to exhaust his administrative remedies with respect to his claim that he should receive a *nunc pro tunc* designation and, therefore, dismissed his petition without prejudice. *See* Exh. 4 to Answer. Thus, the issue presented in the instant petition does not appear to have been addressed on its merits in either decision. However, the court need not resolve this question as the petition fails on its merits, as discussed below.[9]

"The decision whether to designate a facility as a place of federal detention [pursuant to 18

---

[8] *See* Exh. 6 to Answer (November 1, 2005 letter from BOP Inmate Systems Administrator denying Petitioner's request for *nunc pro tunc* designation because "[b]ased on the specific language in the [federal] judgment and commitment order, it was the court's intent the sentence would commence once [Petitioner was] released to federal custody" and, therefore, "a *nunc pro tunc* designation of the federal sentence would not be appropriate.").

[9] Respondent also argues that Petitioner's request for relief in the petition appears to be moot, because Petitioner seeks an Order compelling the BOP to *consider* him for *nunc pro tunc* designation, and the BOP has already reviewed Petitioner's request and given him a decision - albeit not the decision he wanted. Nevertheless, if not moot, the petition fails on its merits.

5

U.S.C. § 3621(b)] 'is plainly and unmistakably within the BOP's discretion and we cannot lightly second guess a deliberate and informed determination by the agency charged with administering federal prison policy.'" *Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72, 75 (2d Cir. 2005) (citing *Taylor v. Sawyer*, 284 F.3d 1143, 1149 (9th Cir. 2002)); *see also Fegans v. U.S.*, 506 F.3d 1101, 1103 (8th Cir. 2007) (18 U.S.C. § 3621(b) "'provides the BOP with broad discretion to choose the location of an inmate's imprisonment,' so long as the factors enumerated in the statute are considered.") (citation omitted); *Barden v. Keohane*, 921 F.2d 476, 478 (3d Cir. 1990) (stating that the BOP has "broad discretion" in reviewing requests for *nunc pro tunc* designation).[10]

BOP Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence, provides that when an inmate requests a *nunc pro tunc* designation to the state institution, and a concurrent designation may be appropriate, the BOP reviews the request in light of the factors set out in the Program Statement and 18 U.S.C. §3621(b). *See* Exh. 9 to Answer. However, such a designation "shall be made only when it is consistent with the intent of the sentencing Federal court, or with the goals of the criminal justice system." *See id.* Moreover, "[t]he Bureau will not allow a concurrent designation if the sentencing court has already made a determination regarding the order of service of sentence (*e.g.*, the federal sentencing court ordered the sentence to run consecutively to any other sentence, or custody in operation, during any time in which the inmate requests concurrent designation)." *See id.*

"Well-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively *unless* the district court specifically orders that they run concurrently." *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003) (emphasis in original) (citing

---

[10] Petitioner concedes that this matter is within the BOP's discretion. *See* Memorandum [2] at 11.

6

18 U.S.C. § 3584(a)[11]), *reh'g denied* (Jul. 31, 2003). Not only did Judge Fitzpatrick *not* order that Petitioner's federal and state sentences were to run concurrently, but he explicitly stated that Petitioner's federal sentence would begin "upon his release to federal custody." *See* Exh. 2 to Answer. Accordingly, based on this language, and after considering Petitioner's request, the BOP determined that Petitioner's federal sentence was imposed to run consecutive to his state sentence and, therefore, a *nunc pro tunc* designation to permit his federal sentence to run concurrently with his Alabama sentence was not appropriate. The BOP has given "full and fair consideration" to Petitioner's request, which is all that it is required to do. *See McCarthy v. Doe*, 146 F.3d 118, 122 (2d Cir. 1998); *see also* Program Statement 5160.05 at 6 (stating that although the BOP must consider, under *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990),[12] an inmate's request for *nunc pro tunc* designation, there is no obligation for the BOP to grant the request). Thus, Petitioner is not entitled to habeas relief.

RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that Eric Peagler's Petition for a Writ of Habeas Corpus [1] be dismissed with prejudice.

NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of

---

[11] "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."

[12] In *Barden*, the court held that the BOP must review a prisoner's request for *nunc pro tunc* designation and either "act to grant or deny it in accordance with the broad discretion the Bureau is given by the applicable statute."). *Barden*, 921 F.2d at 478.

7

the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 26th day of August, 2009.

                                            s/Michael T. Parker
                                            United States Magistrate Judge